```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
RICHARD SHAW,                             :
                       Plaintiff,         :
                                          :
           -v-                            :
                                          :
NEW YORK STATE DEPARTMENT OF              :   09 Civ. 2463 (DLC)
CORRECTIONAL SERVICES, BRIAN FISCHER,     :
Commissioner, KAREN BELLAMY, Director of  :   OPINION & ORDER
Inmate Grievance Program, ROBERT ERCOLE,  :
Superintendent of Green Haven             :
Correctional Facility, and T. ELLERT,     :
Academic Educational Supervisor,          :
                       Defendants.        :
                                          :
------------------------------------------ X
```

APPEARANCES:

For Plaintiff:

Richard Shaw, pro se
#93-A-5709
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY  12582

For Defendants:

Daniel A. Schulze
Assistant Attorney General
120 Broadway, 24th Floor
New York, NY  10271


DENISE COTE, District Judge:

　　　Plaintiff Richard Shaw ("plaintiff"), proceeding pro se, brings this action against the New York State Department of Correctional Services ("DOCS") and certain DOCS officials. Plaintiff alleges that he suffers from dyslexia, that DOCS

failed to test him for dyslexia, and that DOCS refuses to provide a specialized educational program tailored to inmates with dyslexia.  For the following reasons, defendants' motion to dismiss is granted.

## BACKGROUND

The following facts are taken from the amended complaint and are assumed to be true for purposes of this motion.  Plaintiff is a 54-year-old prisoner incarcerated at Green Haven Correctional Facility in Stormville, New York ("Green Haven").  Plaintiff suffers from dyslexia.  At some time in 2008, plaintiff sought treatment at Green Haven for his dyslexia, but was told by the educational supervisor that Green Haven did not have a qualified person to diagnose or treat his dyslexia.

On July 7, 2008, plaintiff filed a grievance through the DOCS Inmate Grievance Program concerning Green Haven's lack of educational testing and services for inmates with dyslexia.  Plaintiff alleged that his dyslexia impedes his ability to earn a General Equivalent Diploma ("GED").  Plaintiff requested that he be tested for dyslexia by a qualified expert and that a specialized educational program be created for inmates with dyslexia.  Plaintiff's grievance was denied.  He appealed.  On November 19, the Central Office Review Committee ("CORC") denied

plaintiff's appeal noting that DOCS has no means to test plaintiff for dyslexia.

On March 18, 2009, plaintiff filed this action against DOCS and individual defendants Brian Fischer, Commissioner of DOCS ("Fischer"), Karen Bellamy, Director of the DOCS Inmate Grievance Program ("Bellamy"), and Robert Ercole, Superintendent of Green Haven Correctional Facility ("Ercole").  The individual defendants are sued in their individual and official capacities.  On November 23, plaintiff filed an amended complaint, adding T. Ellert, Academic Educational Supervisor at Green Haven, as a defendant.[1]  The amended complaint asserts claims under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1201 et seq., Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., the Equal Protection Clause of the Fourteenth Amendment, and 42 U.S.C. § 1983.  Plaintiff seeks a declaratory judgment and injunctive relief, as well as monetary damages.  On December 18, defendants filed a motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  The motion became fully submitted on April 5, 2010.

---

[1] The docket indicates that plaintiff never served the summons and amended complaint on defendant Ellert.

3

DISCUSSION

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  Ashcroft v. Iqbal, 556 U.S. --, 129 S. Ct. 1937, 1949 (2009).  A trial court considering a Rule 12(b)(6) motion "accepts all well-pleaded allegations in the complaint as true, drawing all reasonable inferences in the plaintiff's favor."  Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt., LLC, 595 F.3d 86, 91 (2d Cir. 2010).  To survive dismissal, "a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'"  Id. (quoting Twombly, 550 U.S. at 555).  Pleadings filed by pro se plaintiffs are to be construed liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

Plaintiff's four claims assert, essentially, that defendants discriminated against him by failing to provide educational testing and programs for inmates with dyslexia.  Plaintiff has failed to state a claim under the ADA, the Rehabilitation Act, the IDEA, or the Equal Protection Clause.

1.   ADA and Rehabilitation Act

Title II of the ADA "proscribes discrimination against the disabled in access to public services."  Harris, 572 F.3d at 73 (citation omitted).  It provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  Id. (citing 42 U.S.C. § 12132).  "To assure those requirements are met, 'reasonable accommodation' may have to be provided to the qualified individual."  Harris, 572 F.3d at 73 (citation omitted).  Similarly, § 504 of the Rehabilitation Act "requires that specified 'otherwise qualified' disabled individuals receive reasonable accommodations from programs receiving federal financial assistance."  Id. (citing 29 U.S.C. § 794(a)). "[T]he same factual allegations generally will support both ADA and Rehabilitation Act claims," and thus, these claims may be considered together.  Fulton v. Goord, 591 F.3d 37, 42 n.1 (2d Cir. 2009); Shomo v. City of New York, 579 F.3d 176, 185 (2d Cir. 2009).

To state a prima facie claim under either the ADA or the Rehabilitation Act, a plaintiff must allege: "(1) that he is a 'qualified individual' with a disability; (2) that he was excluded from participation in a public entity's services,

5

programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to his disability." Fulton, 591 F.3d at 43 (citation omitted).[2]  A state prison may be held liable under the ADA and Rehabilitation Act.  See Penn. Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998); Fulton, 591 F.3d at 43-44.  "A qualified individual can base a discrimination claim on any of three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation."  Fulton, 591 F.3d at 43 (citation omitted).

With respect to claims under the ADA and Rehabilitation Act, the Second Circuit has cautioned that a court must "distinguish[] between "(i) making reasonable accommodations to assure access to an existing program and (ii) providing additional or different substantive benefits."  Wright v. Giuliani, 230 F.3d 543, 548 (2d Cir. 2000) (per curiam).  The ADA and Rehabilitation Act "do not require that substantively

---

[2] A "qualified individual" is defined as:
> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

Fulton, 591 F.3d at 43 (quoting 42 U.S.C. § 12131(2)).

different services be provided to the disabled, no matter how great their need for the services may be." Id.; see also Doe v. Pfrommer, 148 F.3d 73, 84 (2d Cir. 1998) (rejecting ADA and Rehabilitation Act claims by disabled individual who sought, inter alia, a "job coach" and "tailored vocational services" because "what [plaintiff] ultimately seeks to challenge is not illegal discrimination against the disabled, but the substance of the services provided to him").  Instead, the ADA and Rehabilitation Act "require only that covered entities make 'reasonable accommodations' to enable 'meaningful access' to such services as may be provided, whether such services are adequate or not." Wright, 230 F.3d at 548; see also Lincoln Cercpac v. Health and Hosp. Corp., 147 F.3d 165, 168 (2d Cir. 1998) (affirming dismissal of Rehabilitation Act and ADA claims brought by disabled children who were transferred from one rehabilitation center to another with fewer services).

     The amended complaint fails to state a claim under the ADA or the Rehabilitation Act.  Assuming, arguendo, that plaintiff's dyslexia qualifies as a disability, plaintiff has failed to allege that he was excluded from participating in services or programs provided by DOCS due to his dyslexia.  To the contrary, the amended complaint indicates that the plaintiff has participated in the educational programs provided by DOCS. Fairly construed, the amended complaint alleges only that DOCS

refused to create an additional or different substantive educational program tailored to inmates with dyslexia.  This allegation is insufficient to state a claim under the ADA or Rehabilitation Act.  To provide the additional educational services plaintiff seeks would not serve the purpose of leveling the playing field with respect to the educational benefits available to non-disabled inmates.  Plaintiff's ADA and Rehabilitation Act claims are therefore dismissed.[3]

2.   IDEA

Plaintiff's IDEA claim fails as a matter of law.  The IDEA applies only to children with disabilities under the age of 21.  See 20 U.S.C. § 1412(a)(1)(A).  Because plaintiff was over 50 years old when he brought this suit, he cannot assert a claim under the IDEA.  Plaintiff's IDEA claim is therefore dismissed.

3.   Equal Protection Clause

The amended complaint also alleges that DOCS' failure to test for dyslexia or provide a specialized educational program for inmates with dyslexia violated plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment.  "To prove

---

[3] Defendants argue that plaintiff's ADA and § 1983 claims against DOCS and the individual defendants in their official capacities are barred by the Eleventh Amendment.  Because plaintiff fails to state a claim upon which relief may be granted, defendants' Eleventh Amendment argument is not addressed.

a violation of the Equal Protection Clause, a plaintiff must demonstrate that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination." Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir. 2005).

The amended complaint fails to state a claim under the Equal Protection Clause.  Plaintiff does not allege that he is a member of a protected class.  Moreover, plaintiff does not contend that DOCS treated him differently from others similarly situated, for instance by denying him access to services or programs provided to other inmates.  On the contrary, the amended complaint alleges that DOCS does not provide diagnostic educational testing or specialized educational programs to any inmates.  Plaintiff's Equal Protection Clause claim is therefore dismissed.[4]

---

[4] Plaintiff also argues that N.Y. Corrections Law § 136 gives rise to a protected property interest in specialized educational services in prison.  Section 136 provides in relevant part:

> The objective of correctional education in its broadest sense should be the socialization of the inmates . . . .  To this end each inmate shall be given a program of education which, on the basis of available data, seems most likely to further the process of socialization and rehabilitation.

N.Y. Corrections L. § 136.  Courts have "uniformly rejected," however, "arguments that section 136 gives rise to protected property interests." Handberry v. Thompson, 446 F.3d 335, 354 (2d Cir. 2006) (citing cases).

CONCLUSION

Defendants' December 18, 2009 motion to dismiss is granted. The amended complaint is dismissed with prejudice. Because the amended complaint fails to state a claim upon which relief can be granted, the claims against defendant Ellert shall also be dismissed with prejudice pursuant to 42 U.S.C. § 1997e(c). The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         May 27, 2010

_____
DENISE COTE
United States District Judge

10